IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN TRUSTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:07cv1115-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability.  His application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).  The parties have consented to the United States Magistrate Judge

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner must be reversed and this case remanded for further proceedings.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction**. Plaintiff Jonathan Trusty ("Trusty") is 48 years old and has a twelfth grade education. (R. 19). Trusty's prior work experience includes work as a "long haul truck driver, fast food restaurant manager, and delivery driver." (R. 23). Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "status-post acute inferior myocardial infarction status-post coronary artery bypass grafting x3; diabetes mellitus; morbid obesity; osteomyelitis; and right lower extremity deep venous thrombosis. (R. 20). The ALJ concluded

---

cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

that Trusty does not suffer from a medically determinable mental impairment. (R. at 21).

The ALJ concluded that Trusty could not perform any of his past relevant work, and, relying solely on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, concluded that Trusty was not disabled. (R. 23).

**B. Plaintiff's Claims**. As stated by the plaintiff, Trusty presents the following two issues for the Court's review:

1. The Commissioner's decision should be reversed, because the ALJ erred in mechanically applying the Medical-Vocational Guidelines in demonstrating that there were significant jobs existing in the national economy that Mr. Trusty could perform.

2. The Commissioner's decision should be reversed, because the ALJ improperly acted as both a judge and physician.

(Pl's Br. at 11).

### IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).

Trusty raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and

by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Trusty's second argument because the court concludes that the ALJ erred as a matter of law and, thus, this case is due to be remanded for further proceedings.

Trusty contends that the ALJ erred as a matter of law by improperly relied the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, ("Grids") because Trusty suffers from the non-exertional impairment of pain that significantly affects his ability to perform work. The court agrees.

In his analysis, the ALJ found that Trusty's "right lower extremity pain secondary to deep venous thrombosis significantly compromises his capacity for standing and walking." (R. 22). He also concluded that Trusty's "morbid obesity, back pain secondary to osteomyelitis, and lower extremity symptoms secondary to diabetes mellitus further reduce [his] capacity to tolerate standing and walking." (*Id.*)

The ALJ then concluded that "[b]ased on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by the Medical-Vocational Rule 201.21." (R. 23). The ALJ thus relied solely on Rule 201.21 of the Grids to conclude that Trusty is not disabled.

> Exclusive reliance on the grids is appropriate in cases involving only exertional impairments (impairments which place limits on an individual's ability to meet job strength requirements.). . . Exclusive reliance on the grids is inappropriate when a claimant has a non-exertional impairment that significantly limits the claimant's basic work activities.

*Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). *See also Sryock v. Heckler*, 764 F.2d 834 (11th Cir. 1985).

> [I]n determining residual functional capacity only exertional limitations are considered . . . If a claimant has nonexertional impairments that significantly limit the ability to do basic work activities . . . then the grid regulations do not apply. . . . However, when both exertional and nonexertional work impairments exist the grids may still be applicable. [N]on–exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at a designated level. Therefore, when both exertional and nonexertional limitations affect a claimant's ability to work, the ALJ should make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. Courts will review this determination only to determine whether it is supported by substantial evidence.

*Sryock*, 764 F.2d at 836 (internal citations omitted).

In this case, the ALJ found that Trusty's lower extremity pain caused by his deep venous thrombosis as well as his back pain caused by osteomyelitis significantly compromised his ability to work. (R. 22). Although the ALJ finds both exertional and nonexertional limitations, the ALJ failed to make the specific findings regarding the severity of the nonexertional limitations on Trusty's ability to work. Rather, the ALJ conflates severity analysis by considering Trusty's exertional limitations without considering the nonexertional limitations caused by his pain.

Moreover, where there exists the non-exertional impairment of pain, the preferred method of determining what work Trusty could perform is through the testimony of a vocational expert. Thus, the ALJ's failure to secure the testimony of a vocational expert was error. *Foote*, 67 F.3d at 1559 (when non-exertional limitations are alleged, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert"); *Chester*, 792 F.2d at 132 (The burden of showing by substantial evidence that a person who can

no longer perform his former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony.).  Not surprisingly, other courts have reached the same conclusion.  *See Diamond v. Sec. Health and Human Serv.*, ___ F.2d ___, 1994 WL 659118 *2 (6th Cir. 1994); *Sanders v. Sullivan*, 983 F.2d 822, 823-824 (8th Cir. 1992).

Relying on SSR 96-4p and 96-8p, the United States makes the extraordinary assertion that pain is merely a symptom and thus, "not intrinsically exertional or nonexertional." (Mem. in Supp. of Comm'r Dec., at 7).  The Commissioner is painfully and patently wrong.[4]  In this circuit, "[p]ain is clearly a non-exertional impairment that limits the range of jobs the claimant can perform."  *Foote,* 67 F.3d at 1559; *Walker*, 826 F.2d at 1003 ("Pain is a nonexertional impairment.").  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1242 fn 11 (11th Cir. 2004) ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include . . . pain limitations. . .")  Furthermore, in this circuit, pain itself can be disabling.  *See Foote*, 67 F.3d at 1561; *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

> The general rule is that after determining the claimant's RFC and ability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform.  However, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full-range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills.

---

[4] The court notes that this is not the first time the Commissioner has mistakenly relied on this assertion.  *See Hobbs v. Astrue*, Civ. Act. No. 1:07cv1099-CSC (M.D. Ala. 2008).

*Phillips*, 357 F.3d at 1242 (emphasis and alteration in original and quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). Consequently, because the ALJ concluded that Trusty suffers from a severe non-exertional impairment, his reliance on the grids and his failure to secure the testimony of a vocational expert were erroneous as a matter of law. *Foote*, 67 F.3d at 1559; *Chester*, 792 F.2d at 132; *Phillips*, 357 F.3d at 1243-44.

## V. Conclusion

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the decision of the Commissioner be and is hereby REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have **sixty (60)** days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).

A separate order will be entered.

Done this 17th day of February, 2009.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE